UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 19-056-DCR |
| V. | ) ) | |
| RICHARD EUGENE DERRINGER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

A jury convicted Defendant Richard Derringer of child pornography offenses under Counts 1, 2 and 4 of a Superseding Indictment. However, Derringer was acquitted of the charge contained in Count 3, which also involved child pornography. [Record No. 63] Thereafter, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, Derringer filed a motion for judgment of acquittal with respect to Count 4, [Record No. 72] The motion will be denied for the reasons outlined below.

Derringer argues that the guilty verdict on Count 4 is inconsistent with the not guilty verdict on Count 3. Count 4 provides:

> On or about March 12, 2018, in Boyle County, in the Eastern District of Kentucky,
> **RICHARD EUGENE DERRINGER and**
> **JACQUOLYN S. WALLS-LAND**
> did knowingly possess a matter containing visual depictions that had been transported in and affecting interstate and foreign commerce, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct, all in violation of 18 U.S.C. § 2252(a)(4)(B).

[Record No. 31] Further, Count 3 alleges:

> On or about March 11, 2018, in Boyle County, in the Eastern District of Kentucky,
>
> **RICHARD EUGENE DERRINGER**
>
> did knowingly attempt to distribute a visual depiction using any means or facility of interstate or foreign commerce, including by computer, and the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, all in violation of 18 U.S.C. § 2252(a)(2).

*Id.*

Derringer cites *United States v. Powell,* 469 U.S. 57 (1984), as authority for his motion. In *Powell*, the Supreme Court held that the acquittal of the defendant on charges of conspiracy to possess cocaine and possession of cocaine did not require vacating the defendant's convictions of using a telephone to facilitate those offenses. Derringer acknowledges both that the present case is "the exact reverse of the situation in *United States v. Powell*" and that "*Powell* provides that consistency in the verdict is not necessary." [Record No. 72-1, at 1 (citing *Powell,* 469 U.S. at 62)].

Derringer further asserts that, to grant his present motion, the Court would have to follow Justice Butler's dissenting opinion in *Dunn v. United States,* 284 U.S. 390, 402 (1932), which provides:

> One accused in different counts of an indictment of the same crime, there being no difference in the means alleged to have been employed, may not be adjudged guilty on a verdict of conviction on one count and of acquittal on the other. *Speiller v. United States* (C. C. A.) 31 F.(2d) 682, 684; *State v. Akers*, 278 Mo. 368, 370, 213 S. W. 424; *State v. Headrick*, 179 Mo. 300, 307, 78 S. W. 630. *Cf. Commonwealth v. Edds*, 14 Gray (Mass.) 406, 410; *United States v. Malone* (C. C.) 9 F. 897, 900.

[Record No. 72-1, at 2 (citing *Dunn,* 284 U.S. at 402)].

"Inconsistent jury verdicts are unreviewable except for 'a situation in which a defendant receives two guilty verdicts that are logically inconsistent . . . .'" *United States v.*

*Smith,* 749 F.3d 465, 498 (6th Cir. 2014) (quoting *United States v. Ruiz*, 386 F. App'x 530, 533 (6th Cir. 2010)). "In crafting the exception, the Court contemplated a situation in which a defendant receives two guilty verdicts that are logically inconsistent, for example if a jury convicted a defendant of both larceny and embezzlement based on the same underlying conduct." *Ruiz*, 386 F. App'x at 533 (citing *United States v. Daigle*, 149 F. Supp. 409, 414 (D.D.C. 1957), *cited in Powell*, 469 U.S. 69 n.8). This exception is inapplicable here.

While the possession charge is a predicate offense to the attempted distribution charge, an acquittal on the attempted distribution charge is not determinative of whether Derringer was guilty of possession. *See id.* ("Contrary to Ruiz's contention, a not-guilty verdict on the conspiracy count is not determinative of whether Ruiz intended to promote or facilitate an unlawful activity while traveling in interstate commerce."). Even in cases where there are inconsistent verdicts, "'[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'" *Powell,* 469 U.S. at 64-65 (quoting *Dunn,* 284 U.S. at 393).

A jury's decision to acquit on a predicate offense and convict on the compound offense "should not necessarily be interpreted as a windfall to the Government at the defendant's expense." *Id.* at 65. "It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." *Id.* "[I]n such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause." *Id*. (citing *Green v. United States,* 355 U.S. 184,

188 (1957); *Kepner v. United States,* 195 U.S. 100, 130, 133 (1904)). The tendency for an inconsistent verdict to favor the defendant as often as it does the United States dissuades the Court from reviewing such verdicts. *See id.* "The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." *Id.* at 66.

Here, the verdicts are not logically inconsistent. Possession is a predicate offense, so it can logically occur without attempted distribution, the compound offense. Put simply, while a defendant may not be able to distribute what they do not possess, they can possess what they do not distribute. But Derringer argues that, "[s]ince the jury acquitted him on Count 3, they clearly believe that he did not possess Jacquolyn Walls-Land's phone even for a brief moment." [DE 72-1, at 1]. However, even if the jury believed Derringer did not possess the phone that contained the visual depictions of the minor engaged in sexual acts at the time of the alleged attempted distribution, the jury could have reasonably found he either actually or constructively possessed the phone after the alleged attempted distribution.

At the very least, the jury could have determined that Derringer possessed child pornography based on Walls-Land's testimony that Derringer directed her to record him digitally penetrating the eleven-year old victim's vagina and anus. Further, based on the testimony of Walls-Land and Bryan and Robin Strevels, the jury could have determined Derringer had either actual or constructive possession of the phone after the alleged attempted distribution. Specifically, the jury could have found that the testimony of Walls-Land and the Strevels established that: after the birthday party on or about March 11, 2019, the phone was found in a shed on the Strevels' property; Walls-Land did not place the phone in the shed and used her other phone to text Derringer; Derringer left the Strevels' property

and took with him the key that he routinely used to access the shed; and Derringer's mother later returned the key to the Strevels. This line of testimony suggests that for an uncertain amount of time between the birthday party and Derringer leaving the Strevels' property, Derringer actually possessed the phone and later constructively possessed the phone by placing it in the shed, locking the shed, and exiting the property with the key to the locked shed.

It is also possible that the jury's decision to convict on the possession charge and acquit on the attempted distribution charge was a mistake. However, it is just as likely that the jury reached its decision as a purposeful attempt to compromise or grant Derringer some leniency. While neither the parties nor the Court know the basis for the jury's verdict, there is no indication that it is either factually or logically inconsistent.

Accordingly, it is hereby

**ORDERED** that Defendant Richard Derringer's motion for judgment of acquittal [Record No. 72] is **DENIED**.

Dated: September 4, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky