UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-56-DCR

UNITED STATES OF AMERICA                                                                           PLAINTIFF

V.                       **UNITED STATES' RESPONSE TO
                         DEFENDANT'S MOTION FOR NEW COUNSEL**

RICHARD E. DERRINGER                                                                               DEFENDANT

Defendant sent a letter to the Court requesting a hearing and asking the Court to terminate Defendant's currently appointed counsel, C. William Swinford, and appoint new counsel.[1] As outlined in greater detail below, the United States objects to the timeliness and merits of Defendant's motion.

Defendant's letter was dated November 27, 2019; postmarked on December 3, 2019; and received by the Court on or about December 10, 2019.[2] Given the timing of Defendant's motion and the late stage of these proceedings, the United States objects to Defendant's motion. First, the United States believes that any delay caused by Defendant's motion would negatively impact the victim in this case because, on the afternoon of December 9, 2019, the victim's mother advised the undersigned that they were eager for the resolution of this case so that they could move on from this tragedy.

---

[1] *See* R. 106: Letter/ Motion at 461-64.
[2] *See id. See also* R. 105: Order at 459-60.

1

Second, the United States is concerned that the aim of this late attempt to fire defense counsel is merely to delay sentencing. In his motion, the Defendant specifically raised concerns that Mr. Swinford failed to timely file a motion for psychological examination and also that Mr. Swinford should have withdrawn from the case due to personal health issues.[3] These are issues that the Defendant would have known about well before his recent letter to the Court but failed to previously raise,[4] adding to untimeliness of Defendant's motion and creating a suspicion that these arguments are simply a pretext for delay.

As for the merits of these arguments, the United States believes that Mr. Swinford performed an able job defending Mr. Derringer at trial, even securing an acquittal on one count. In fact, this was AUSA David Marye's first acquittal on any type of child pornography count in a case personally prosecuted by him since becoming Project Safe Childhood Coordinator nearly seven years ago, making the acquittal particularly noteworthy in reference to the zeal, competency, and performance of defense counsel.

While the Defendant raised concerns that Mr. Swinford lacked the willingness or ability to secure a positive outcome for the Defendant in this case—specifically disclosing that Mr. Swinford told the Defendant that he should go to prison—Mr. Derringer should be reminded that he was captured on video sexually assaulting a child.[5] There has never been any question whether it was Mr. Derringer in the videos or whether D.M. was a child, so there has never been the possibility that Derringer could assert a claim of factual innocence for his sexual abuse of D.M. To the extent that Mr. Swinford told Derringer that he should go to prison, he presumably did so because there

---

[3] *See* R. 106: Letter/ Motion at 461-62.
[4] To the United States' knowledge, these issues have not been raised.
[5] *See id.* at 462 (Mr. Derringer needs an attorney that will "pull [him] to shore" and Mr. Swinford told Mr. Derringer that he should go to prison). *See also* PSR at 5-7 (descriptions of the videos).

2

is no question that Derringer did despicable things to a little girl and, like most citizens, Mr. Swinford presumably believes that such conduct is criminal. From the United States' perspective, Mr. Swinford ably defended this case on the only angles available to him from this evidence; that is, whether the Defendant assaulted the victim <u>for the purpose of</u> creating a visual depiction and whether the Defendant attempted to distribute the videos. The jury sided with the United States on the issue of production and with the Defendant on the issue of the attempted distribution. Although the jury ultimately convicted Derringer on four of the five counts, the United States firmly believes that it did so based on the strength of the evidence and not the performance of defense counsel.

    The United States acknowledges that it is not privy to communications between a defendant and his attorney, so there could be issues between that Defendant and Mr. Swinford that the United States cannot address. Even for the issues that the United States can address, it leaves a decision on Mr. Swinford's continued representation of Defendant to the sound discretion of the Court. The United States merely requests that the timing and potentially pretextual nature of Defendant's motion be considered as well as the impact that any delay would have on the victim in this case.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By:    s/ Mary Lauren Melton
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4802
        FAX (859) 233-2747
        Mary.melton@usdoj.gov

CERTIFICATE OF SERVICE

On December 10, 2019, I electronically filed this document through the ECF system, thus serving all counsel of record.

s/ Mary Lauren Melton<br>
Assistant United States Attorney