UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 19-056-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 22-255-DCR |
| ) | |
| RICHARD EUGENE DERRINGER, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury found Defendant/Movant Richard Derringer guilty of conspiracy to produce visual depictions involving a minor engaging in sexually explicit conduct (Count 1); aiding and abetting the production of visual depictions involving a minor engaged in sexually explicit conduct (Count 2); possession of matter containing visual depictions of minors engaged in sexually explicit conduct (Count 4); and distribution of methamphetamine (Count 5).[1] [Record No. 63]  He was sentenced on December 11, 2019, to a total term of incarceration of 1,200 months.[2]  [Record No. 120]

Derringer appealed his convictions, this Court's denial of his request to substitute counsel during sentencing, and his sentence as procedurally and substantively unreasonable. [Record No. 121]; Appellant Brief at 6, *United States v. Derringer*, No. 19-6427 (6th Cir. Aug.

---

[1]   Derringer was found not guilty of attempted distribution of visual depictions involving minors engaged in sexually explicit conduct (Count 3).  [Record No. 63]

[2]   Derringer was sentenced to 360 months' imprisonment on Counts 1 and 2, to run consecutive to each other, and 240 months' imprisonment on Counts 4 and 5, to run consecutive to each other and to all other counts for a total term of 1,200 months.  [Record No. 120]

17, 2020), ECF No. 32.  On February 3, 2021, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decisions. [Record No. 147] The Sixth Circuit denied Derringer's petition for a rehearing *en banc* and reissued the original denial of his appeal on May 24, 2021. [Record No. 150]  Derringer did not file a petition for writ of certiorari with the United States Supreme Court.

### I.

On September 27, 2022, Derringer filed the instant motion to vacate his sentence, pursuant to 28 U.S.C. § 2255.  [Record No. 157]  He alleges ineffective assistance of counsel and cites five bases on which he believes his sentence should be vacated.  Consistent with local practice, Derringer's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B).  United States Magistrate Candace J. Smith reviewed the motion and issued a Report and Recommendation ("R & R") recommending that Derringer's motion to vacate be denied.  [Record No. 170]  Derringer was informed that he had 14 days to file specific written objections to the R & R, which would then be subject to *de novo* review by the undersigned.  Derringer was cautioned that "[f]ailure to make a timely objection consistent with the statute and rule may, and normally will, result in a waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals." [*Id.*]

On December 18, 2023, Derringer filed a motion seeking additional time to tender his objections to the R & R.  [Record No. 171] The undersigned granted that motion, extending Derringer's filing deadline until January 26, 2024.  [Record No. 172]  On January 16, 2024, Derringer moved for a second extension.  [Record No. 173]  And the Court once again granted

the motion, giving Derringer until March 1, 2024, to filed his objections. [Record No. 174] In granting Derringer's second request for extension, the Court stated the following: "The defendant is directed to file (not tender or mail) his response to the Report and Recommendation **on or before Friday, March 1, 2024**. Otherwise, the Report and Recommendation will be considered without the benefit of a response." [*Id.*] On March 5, 2024, the Court received Derringer's objections along with a third motion for extension. [Record Nos. 175, 176] Derringer's objections were not filed by the Court's deadline and will not be considered.

## II.

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth a two-prong test for evaluating claims of ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient; and second, that the deficiency prejudiced the defendant. *Id.* at 686. Derringer's motion to vacate raises five separate grounds of ineffective assistance of counsel—each of which was thoroughly considered and discussed by Magistrate Judge Smith. The undersigned, agreeing with the findings articulated in the R & R, will briefly summarize why each of Derringer's assertions fails as a matter of law.

### A.

Derringer first argues that his trial counsel was constitutionally deficient for failing to file a motion to dismiss the indictment against him. [Record No. 157] This contention is grounded on the premise that the indictment was irreparably tainted by FBI Agent Kidd's presentation of false statements provided by co-Defendant Jacquolyn Walls-Land.

Grand jury indictments are presumed valid. *United States v. Overmyer*, 899 F.2d 457, 465 (6th Cir. 1990). "Dismissal of a grand jury indictment is appropriate only where a defendant can establish a long-standing pattern of prosecutorial misconduct before a grand jury and actual prejudice." *United States v. Castro*, 908 F.2d 85, 89 (6th Cir. 1990) Bare allegations of misconduct without specific supporting evidence do not meet the threshold required to dismiss a presumptively valid indictment. *See id.* As outlined in the R & R, Derringer has not demonstrated that dismissal of the indictment would have been appropriate. Accordingly, he cannot demonstrate counsel erred in failing to move for its dismissal.

The contention that counsel's decision not to seek a dismissal of the indictment constitutes deficient representation overlooks the highly deferential lens through which counsel's performance must be evaluated. *See Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (internal citations omitted)). Derringer's claim does not satisfy either prong of the *Strickland* test given the speculative nature of the alleged grand jury misconduct and the absence of any demonstrable prejudice affecting the trial's outcome.

B.

Next, Derringer cites counsel's failure to seek the suppression of Agent Kidd's statements derived from alleged omissions or false information provided by Derringer's co-defendant. This argument is misplaced because as the R & R makes clear, the Government's case did not hinge solely on information gleaned from Walls-Land's testimony. Counsel's decision not to file a motion to suppress, considering abundant corroborating evidence, is

afforded the presumption of strategic decision making, rather than a negligent omission. Such judgment falls squarely within the ambit of "reasonable professional assistance" as articulated in *Strickland*. [*Id.* at 689]

But even if counsel's inaction was to be construed as an error, Derringer would still have to demonstrate prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. He has made no such showing here.

## C.

The third basis raised by Derringer attacks counsel's failure to file a motion to dismiss Counts 2, 3, and 4 of the indictment under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. This claim misunderstands the distinct elements and statutory bases of the charges that were brought against him, each of which required the government to prove separate and distinct elements of the crime charged. The argument for multiplicity, therefore, is unsupported.

## D.

Derringer's fourth claim alleges that his attorney was deficient by advising him that he could not enter a guilty plea on Counts 1 and 5 of his indictment and needed to proceed to trial on all counts. Derringer provides no evidence of this claim and an affidavit from counsel contradicts the assertion. [Record No. 162-1] Derringer's counsel not only communicated the possible outcomes and implications of a plea deal clearly, but also accurately predicted the potential sentencing range Derringer faced if convicted. [*Id.* at 8–9] Counsel's guidance was grounded in a realistic appraisal of the sentencing landscape and the perceived strength of the

Government's case. This careful and thorough advisement does not support a claim of ineffective assistance of counsel. Derringer has provided no evidence to support his contention that he received constitutionally deficient legal guidance.

### E.

The final claim Derringer raises asserts that counsel failed to subject the government's case-in-chief to meaningful adversarial testing which, he contends, would have shown that Walls-Land had dominion and control over the methamphetamine cited in Count 5. [Record No. 157] But this ignores a glaring fact: "Derringer was clearly visible on the video played to the jury lighting and smoking a methamphetamine pipe and handing it to [Walls-Land] and placing the pipe in the mouth of the juvenile." [Record No. 162-1, p. 5] As the United States points out, this alone was enough to sustain a conviction. [Record No. 162, p. 14] Counsel's performance, viewed in totality throughout litigation, was well within the bounds of reasonable professional judgment.

### F.

For the first time, in his Reply, Derringer alleges that his conviction for Count 1 is unconstitutional because the conduct does not fall within the activities Congress is permitted to regulate under the Commerce Clause of the Constitution. [Record No. 168, p. 15] As the R & R correctly points out, raising a new argument for the first time in a reply is procedurally improper and is, by itself, a sufficient basis for rejecting the claim. *See, e.g., Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).

### III.

The Court declines to issue a Certificate of Appealability on any issue properly raised by Derringer. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability may be issued only when the defendant makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy that burden, Derringer is required to show that reasonable jurists could debate whether the motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate this Court's conclusions. The majority of Derringer's arguments regarding counsel's performance are nothing more than conclusory allegations that counsel should have performed differently. Without more specific allegations or a showing of how the defendant was prejudiced by counsel's performance, these claims cannot proceed further.

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of the United States Magistrate Judge [Record No. 170] is **ADOPTED** and **INCORPORATED** here by reference.

2. The defendant/movant's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [Record No. 157] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

- 8 -

      4.      The defendant/movant's motion for an extension [Record No. 176] is **DENIED**, as untimely.

      5.      The defendant/movant's motion to expand the record [Record No. 177] is **DENIED** as moot.

Dated: March 20, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky