UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  ) <br> Plaintiff/Respondent,  ) <br>  ) <br> V.  ) <br>  ) <br> RICHARD EUGENE DERRINGER,  ) <br>  ) <br> Defendant/Movant.  ) | Criminal Action No. 5: 19-056-DCR <br> and <br> Civil Action No. 5: 22-255-DCR <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Richard Derringer has filed a *pro se* motion to alter, amend, or supplement the Court's recent Memorandum Opinion and Order dismissing his petition, pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). [Record No. 180] Relevant to both of Derringer's motions is his contention that his filings should have been deemed "filed" the date that he signed them. [*Id.* at 4] (citing *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Because it is applicable to both motions, the Court will address this at the onset.

I.

United States Magistrate Judge Candace Smith's Report and Recommendation was filed on November 30, 2023, and received by Derringer on December 6, 2023.[1] [Record Nos. 170, 171] Although his deadline for filing objections was December 20, 2023, he moved for and was granted two separate extensions, adding more than two months to his original 14-day deadline. [Record Nos. 171–174]

---

[1] He acknowledges receiving it on December 6, 2023, in his first motion for extension. [Record No. 171]

In granting the second extension, the Court stated: "The defendant is directed to file (not tender or mail) his response to the Report and Recommendation **on or before Friday, March 1, 2024**. Otherwise, the Report and Recommendation will be considered without the benefit of a response." [Record No. 174]

### A.

Derringer asserts that he filed (i.e., signed and turned over to prison officials) his Objections to the Magistrate Judge's Report on January 26, 2024. [Record No. 180, p. 4] USPS tracking records do not indicate when the mailing was received in Arizona, only that it had arrived in Lexington, Kentucky on March 2, 2024. [*See* Record No. 175-1.] However, a postal stamp on the envelope shows that the mailing was in USPS possession in Phoenix, Arizona on March 2, 2024. [*Id.*] Derringer's mailing was delivered to the Court in the afternoon on March 4, 2024, and filed the following day—a 39-day delay. [Record No. 175]

### B.

*Brand*'s handing-over rule provides that, absent contrary evidence, it can be presumed that a prisoner hands his filing to prison officials for mailing on the date that he signed it. 526 F.3d at 925. In subsequent unpublished opinions, the United States Court of Appeals for the Sixth Circuit Court has observed that, in the absence of a notarization or sworn declaration under penalty of perjury, the postmark on the envelope is more indicative of the date the document was given to prison authorities. *See, e.g.*, *McCauley v. Forshey*, No. 21-3236, 2021 WL 2376381, at *1 (6th Cir. June 4, 2021); *Kennard v. Smith*, No. 21-1072, 2021 WL 1602217, at *1 (6th Cir. Feb. 25, 2021); *Thornton v. United States*, No. 20-5082, 2020 WL 1952493, at *1 (6th Cir. Mar. 25, 2020). Where the prisoner does include a sworn attestation,

as does Derringer, the Sixth Circuit has suggests that evidence in the record that refutes the attestation may be considered. *Pratt v. Kowalski*, No. 19-1142, 2019 WL 7938069, at *2 (6th Cir. Nov. 13, 2019). In Derringer's case, the Court finds adequate contrary evidence to rebut the underlying presumption.

**1.**

Derringer has remained consistent in his practice of including a signed and dated attestation with his mailings, which are sent to the Court via USPS certified mail. Those filings, along with their envelopes, are filed in the record. The Court has reviewed all of Derringer's mailings submitted in 2023 and 2024, along with their accompanying tracking information. [*See* Record Nos. 164, 166–168, 171, 173, 175–177, 180.]

In every filing made prior to Derringer's Objections to the Magistrate Judges Report, there has been, on average, a four-day delay[2] between the date appearing alongside Derringer's signed attestation and USPS's receipt of the certified mailing.[3] [*See* Record Nos. 164, 166–168, 171, 173.] This is the window contemplated under the Sixth Circuit's handing-over rule, as well as the prison mailbox rule more broadly. *See Cretacci v. Call*, 988 F.3d 860, 867 (6th Cir. 2021) ("The prison mailbox rule was created to prevent pro se prisoners from being penalized by any delays in filing *caused by the prison mail system*.") (emphasis added). Despite all of Derringer's previous filings being diligently turned over to USPS, he asks the Court to believe that, in this instance, prison officials are responsible for the delay. Needless

---

[2]    The delay has ranged between 2 days, [Record Nos. 166, 168], and 5 days, [Record Nos. 171, 173].

[3]    The average time between USPS possession of a mailing and the Court's receipt of it has been 4 days. [*See* Record Nos. 164, 166, 167, 168, 171, 173, 175, 176, 177, 180]

to say, that may well be the case. Just because prison officials previously ensured prompt turnover of prisoner mail does not mean that it occurred in this instance. Were that the only evidence rebutting the handing-over rule, it would be insufficient.

**2.**

However, the Court also looks to the filing itself, or in this case, filings. Derringer's Objections arrived in the same envelope as a separate notice and motion. [Record No. 176] The Notice informed the Court that Derringer intended to file a motion to expand the record while moving for a 60-day extension in which to do so. [*Id.*] He provided one attestation for the two filings. [Record No. 176]

The dates on both filings are visibly altered. The filings submitted to the Court are photocopies of the handwritten original, but the alterations are nonetheless evident. On the final page of Derringer's Objections, the day ("26") appears atop a whited-out backdrop that erased the line on which the text is written. [Record No. 175, p. 12] The date on the accompanying notice and motion has been entirely obscured by what appears to be white out—although it is clear that text was once present. [Record No. 176, p. 4] Lastly, the date on Derringer's attestation has been altered. [Record No. 176, p. 5] This time, however, Derringer drew the line back in beneath the text.

Even if Derringer had an innocent reason for modifying these dates (which the undersigned does not believe), the alterations are more than sufficient to undermine the integrity of the attested-to date and rebut the presumption afforded under the handing-over rule. The visible alteration of dates gives the Court substantial reason to doubt Derringer's assertion that, in this one instance, prison officials deviated from their observed and recorded

practice with respect to the handling of prisoner mail. Those considerations, as well as the envelope's Arizona postal stamp (dated March 2, 2024), lead this Court to conclude that Derringer's attestation carries little weight and that his Objections were not tendered as he suggests.

**3.**

Derringer's habeas petition is subject to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules"), which have codified a version of the prison mailbox rule. *See* Habeas Rules, R. 3(d) (eff. Feb. 1, 1977; amended Dec. 1, 2019). Rule 3(d) states: "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, . . . ." *Id.* Derringer's declaration is devoid of credibility and the earliest date for which there is any available evidence is March 2, 2024—a date after the Court's deadline. *See United States v. Locke*, 471 U.S. 84, 101 (1985) ("A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.). On this basis alone, the Court can conclude that Derringer's Objections were untimely.

The filing of objections to a Magistrate Judge's Report and Recommendation is also specifically covered under the Habeas Rules. Rule 8(b) states: "Within 14 days after being served, a party may file objections *as provided by local court rule*." Habeas Rules, R. 8(b) (emphasis added). Derringer was granted over two months of extensions, all of which are governed by Local Rule and/or appropriate Court order. *See* L.R. 6.1, 7.1, 83.14.

In granting Derringer's second extension, the Court identified specific terms of compliance that the Court deemed necessary considering Derringer's ongoing requests for extension. The Court directed Derringer to "file (not tender or mail)" his response by March 1, 2024. [Record No. 174] This more specific directive is consistent with the Habeas Rules, this Court's Local Rules, and the Court's inherent authority to manage its docket and set appropriate deadlines. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Derringer's Oppositions were filed after the deadline imposed by the Court's granted extension. Neither the handing-over rule nor Habeas Rule 3(d) negates Derringer's failure to comply as directed. Accordingly, Derringer's Objections were properly deemed untimely.

**II.**

The Court now turns to Derringer's two pending motions. The text of both Rules 52(b) and 59(e) are clear in that they must be filed, "no later than 28 days after entry of judgment." Fed. R. Civ. P. 52(b), 59(e). Judgment was entered in this matter on March 20, 2024, resulting in a deadline of April 17, 2024. Derringer's motion asserts that it was turned over on April 16, 2024—one day prior to the deadline. But for the reasons already discussed, Derringer's signed and dated attestations lack credibility.

Consistent with Sixth Circuit practice, the Court instead looks to the postage marks as a more reliable indicator of timeliness. Both USPS tracking and the envelope's postage stamp reflect USPS possession in Phoenix, Arizona beginning on April 23, 2024, nearly a week after

the Court's deadline had already passed. [*See* Record No. 180-1.] Because the only reliable evidence of a filing date indicates an untimely filing, Derringer's motions will be denied.

### III.

Based on the foregoing analysis, it is hereby

**ORDERED** that Defendant/Movant Derringer's motion [Record No. 180] is **DENIED** as untimely.

Dated: May 2, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky